No. 26-3462

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Nov 2, 2026
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| JEREMY SPENCER,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>WILLIAM L. ARCHER, JR., et al.,<br><br>Defendants-Appellees. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br>O R D E R |

Before: HERMANDORFER, Circuit Judge.

Jeremy Spencer, proceeding pro se, appeals the district court's dismissal of his civil action. He moves to proceed in forma pauperis on appeal. For the following reasons, the motion is denied.

In 2024, Spencer alleged, Ohio prosecuted him for driving with a suspended license and weapons-related offenses. Spencer "reluctantly" entered a plea of not guilty, and the state court set bond at $50,000. A few days later, Spencer retained counsel, obtained a modified bond, and was released from jail with an ankle monitor. But because he was under "medical duress," he did not sign any "contract" for the house arrest, and thus, no "valid agreement" existed.

Spencer further alleged that the prosecutor dismissed the weapons charges during a "rushed" hearing soon after his release from jail. Spencer requested the return of his firearm and "certain seized items" he identified with his "Native American religion." Neither the prosecutor nor the state court returned the seized items at that time. Spencer later pleaded guilty to the license offense and received a $200 fine.

Throughout his legal proceedings, Spencer complained about counsel's representation. He alleged that counsel dismissed his inquiries, cited irrelevant legal authority, and failed to communicate with him. Spencer also maintained that he never received a copy of the complaint. And he alleged that no judicial plea colloquy occurred, he felt coerced to plead guilty because of

the property deprivation, no one told him that he could appeal, and his records requests were denied.

In 2025, Spencer sued the state-court judge, the clerk of court, defense counsel, and the prosecutor, all in their individual capacities. He claimed that the defendants (1) violated unspecified "clearly established rights"; (2-3) "conspired" to deprive him of equal protection and due process; (4-5) lacked jurisdiction to prosecute him; (6-7) violated the First, Fifth, Sixth, Eighth, and Fourteenth Amendments; (8-9, 11) violated state law, the Ohio Code of Judicial Conduct, and the "Ohio Municipal Charter"; and (10) defrauded the court. He also sued the Vinton County, Ohio, Board of Commissioners, claiming that (12) Vinton County has a policy of failing to train or supervise its employees. Spencer sought $3,000,000 in damages, as well as declaratory and injunctive relief.

On initial screening, the district court dismissed Spencer's complaint for failure to state a claim. *Spencer v. Griffith*, No. 2:25-cv-785, 2026 WL 937959, at *6 (S.D. Ohio Apr. 7, 2026); *Spencer v. Griffith*, No. 2:25-cv-785, 2026 WL 323298, at *5-10 (S.D. Ohio Feb. 6, 2026) (R. & R.). The district court later denied Spencer's motion to alter or amend the judgment under Civil Rule 59(e). And the district court denied his request to proceed to proceed as a pauper on appeal. He now repeats that request in this Court.

An indigent litigant may obtain leave to proceed IFP on appeal if the litigant takes the appeal in good faith. Fed. R. App. P. 24(a)(5); *Owens v. Keeling*, 461 F.3d 763, 774-75 (6th Cir. 2006). A litigant does not take an appeal in good faith if it is frivolous, meaning it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

This appeal lacks an arguable basis.

To start, the district court rightly ruled that most defendants enjoyed immunity from Spencer's suit, and Spencer offers no colorable contrary argument.

Judges enjoy absolute immunity from damages suits premised on their judicial acts. *Morgan v. Bd. of Pro. Resp. of Sup. Ct. of Tenn.*, 63 F.4th 510, 518 (6th Cir. 2023). Though Spencer labeled his lawsuit an individual-capacity one, all his allegations related only to the

judge's rulings in his case: He alleged that the judge denied his motions, rejected his evidence, delayed the proceedings, withheld his religious property, required excessive bail, and conducted a defective plea process. He also asserted that the judge lacked jurisdiction because no probable-cause determination or plea colloquy occurred, and because he did not receive a copy of the complaint. But those arguments at most suggest that the judge erred, not that he abandoned the judicial role or acted "in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (per curiam); *see also Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Absolute immunity also shields "non-judicial officers who perform 'quasi-judicial' duties." *Cooperrider v. Woods*, 127 F.4th 1019, 1030 (6th Cir. 2025) (quoting *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994)). That immunity thus protects "those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Morgan*, 63 F.4th at 518 (quoting *Bush*, 38 F.3d at 847). Spencer alleged that he submitted a records request for the complaint and other filings, but the clerk of court forwarded those records to the judge before releasing them. Because the management of case filings is a task that is integral to the judicial process, *see Whole Woman's Health v. Jackson*, 595 U.S. 30, 39-40 (2021), the clerk of court is entitled to quasi-judicial immunity.

Prosecutors likewise enjoy immunity when they "act as [] advocate[s] participating in a judicial proceeding." *Smith v. Wayne County*, 147 F.4th 613, 619 (6th Cir. 2025) (citation omitted). Yet Spencer's allegations—that the prosecutor lacked jurisdiction to prosecute him or "mispresent[ed] material issues," for instance—target such activity. To the extent his complaint objects that the prosecutor held his religious property for use as evidence, it founders on the same rock. To the extent Spencer instead argues about evidence-return practices more generally, no allegations connect those practices to the decisions of any particular prosecutor.

As for the other defendants, Spencer simply failed to state a claim. He never traced his injuries (if injuries they were) to any identifiable Vinton County policy. *See Hall v. Navarre*, 118 F.4th 749, 756-57 (6th Cir. 2024) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). And his defense lawyer—who, Spencer alleges, dismissed his inquiries and failed to communicate

with him—was not a state actor for purposes of § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 318 (1981). Moreover, Spencer's allegations fall short of a conspiracy claim because they do not support a reasonable inference that the defendants acted with a single plan and shared objective. *See Bickerstaff v. Lucarelli*, 830 F.3d 388, 400-01 (6th Cir. 2016).

Spencer has no colorable claim to nonmonetary remedies, either; taking his allegations as true, declaratory and injunctive relief would be no more appropriate than damages. "As *Ex parte Young* put it, 'an injunction against a state court' or its 'machinery' 'would be a violation of the whole scheme of our Government.'" *Whole Woman's Health*, 595 U.S. at 39 (citation omitted). And as to the prosecutor, Spencer neither requested any particular injunction nor explained why, if he had, his situation might warrant departure from the "longstanding public policy" by which federal equity courts are "restrain[ed] . . . from interfering with criminal prosecutions" by the states, *Younger v. Harris*, 401 U.S. 37 (1971).

Finally, Spencer has no nonfrivolous argument that the district court erred in declining supplemental jurisdiction as to his state-law claims after it dismissed his federal claims. *See Wee Care Child Ctr., Inc. v. Lumpkin*, 680 F.3d 841, 849 (6th Cir. 2012). And because his claims lack merit, Spencer has no nonfrivolous argument that the district court abused its discretion in denying his Rule 59(e) motion. *See McBride v. Skipper*, 76 F.4th 509, 512 (6th Cir. 2023). He also argues that he was denied access to the courts because he lacked access to various court records. But he alleges no prejudice to any pending litigation. *See Stanley v. Vining*, 602 F.3d 767, 770 (6th Cir. 2010).

For these reasons, the motion for leave to proceed IFP is **DENIED**. Unless Spencer pays the $605 filing fee to the district court within 30 days of the entry of this order, this appeal will be dismissed for want of prosecution.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk